4. SALES, § 389*—*right of recoupment for breach of warranty.*
Where a contract expressly provided that a balance of two hundred
dollars was to be paid when an engine and generator were tested
and found to be in satisfactory condition and the plaintiff failed to
deliver the machine in a satisfactory condition, there was a breach
of warranty on the part of the plaintiff so that under the circum-
stances the defendant was not required to rescind the contract and
to return the machine, but had the right to recoup the damages
sustained by reason of the breach in an action for the balance due on
the machine.

5. SALES, § 389*—*right to recoup for breach of express warranty.*
Where it was not denied by the plaintiff that the defendant after the
receipt of a machine was compelled to expend two hundred dollars
in putting the same in a satisfactory condition, and it was not dis-
puted by the plaintiff that the repairs were proper and necessary
under the warranty, if the contract contained such an alleged war-
ranty, *held* that upon finding such a warranty to exist, judgment
should have been entered in favor of defendant for costs rather
than in favor of plaintiff for two hundred dollars as a balance due
for machinery sold and delivered on a written contract.

---

## Christiana Dombrowski, Appellee, v. Metropolitan Life Insurance Company, Appellant.

### Gen. No. 19,608.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC
HUDSON, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1913. Reversed and remanded. Opinion filed
February 4, 1915.

### Statement of the Case.

Action by Christiana Dombrowski against the Metro-
politan Life Insurance Company, a corporation, to
recover on a policy of life insurance for one thousand
dollars. From a judgment for one thousand dollars

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

against defendant in favor of plaintiff, defendant appeals.

HOYNE, O'CONNOR & IRWIN, for appellant; CARL J. APPELL, of counsel.

FOREST GARFIELD SMITH and ROBERT E. CANTWELL, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 87*—*when erroneous as to burden of proof.* It is erroneous to instruct a jury in a civil case that the party having the burden of proof must furnish evidence which will satisfy the jury, since the jury are only required to find from a preponderance of the evidence.

2. INSURANCE, § 908*—*error of instructions requiring jury to be satisfied from evidence.* In an action upon a life insurance policy, an instruction that it was for the jury to determine from the evidence the extent of the sickness of the insured and whether it was of such a character or nature as to make his reply to interrogatories material misstatements; that it was for them to say, from the evidence in regard to the extent of the nature and kind of sickness, whether the attack from which the insured suffered was of a character to make his answer "never sick since childhood" a material statement, that the burden of proof was on the defendant; that the defendant set up the defense and that the jury must be satisfied from the evidence that the untruth of the statement had been established, *held* to be prejudicially erroneous, since, in requiring the jury to be satisfied, it imposed a higher degree of proof than the law required.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.